UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TY ORR OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-2058 (BAH) |
| | ) | |
| ALEX AZAR, in his official capacity as the | ) | |
| Secretary of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Ty Orr Owens, and defendant, the Secretary of Health and Human Services (Agency), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms. Plaintiff and Agency are hereafter referred to collectively as the "parties" and separately as a "party."

1.     Defendant shall pay plaintiff the total sum of Seventy Thousand Dollars ($70,000.00). This total sum shall be split between plaintiff in the amount of Fifty-Two Thousand Eight Hundred Forty-Eight and 78/100 Dollars ($52,848.78) and plaintiff's counsel in the amount of Seventeen Thousand One Hundred Fifty-One and 22/100 Dollars ($17,151.22). This payment shall be made by an electronic transfer of funds as specified in instructions provided to defendant's counsel by plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 4 hereof. Plaintiff and plaintiff's counsel shall cooperate with defendant to insure

that all documentation required to process this payment is complete and accurate. This payment is inclusive of plaintiff's attorneys' fees, costs, and other litigation expenses, and defendant shall have no further liability for those fees, costs, and expenses. Plaintiff and plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

2.      Defendant shall restore 240 hours to plaintiff's annual leave balance.

3.      Plaintiff shall have twenty-one (21) days, commencing on June 7, 2018, to consider the terms of this Stipulation. If plaintiff chooses to sign this Stipulation before this 21-day consideration period has elapsed, plaintiff acknowledges that his decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to defendant or defendant's employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period. Plaintiff may revoke his agreement to this Stipulation during the seven (7) calendar day period following his execution hereof. Such revocation must be in writing and delivered to defendant's counsel on or before the seventh calendar day after the date on which plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By his signature below, plaintiff's counsel represents that: (i) she has served as plaintiff's attorney with respect to this matter; (ii) she has examined this Stipulation and has discussed its terms with plaintiff; and (iii) she believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this settlement agreement.

4.      Unless plaintiff timely exercises his right to rescind this Stipulation as provided in Paragraph 3 hereof, defendant's counsel may file the fully executed Stipulation with the Court at

2

any time after the expiration of seven (7) calendar days after the date on which the Stipulation was signed by plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court may retain jurisdiction to enforce the terms of this Stipulation.

5.     Plaintiff hereby fully and forever releases and discharges the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have, or may hereafter have, arising out of or in connection with any event occurring on or before the date on which he has executed this Stipulation, including without limitation events relating to plaintiff's employment by the Agency and claims for emotional distress.

6.     This Stipulation has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that defendant, the Agency, or any of the Agency's present or former employees or agents violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or

3

officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

7.     Plaintiff acknowledges that he has not relied on any representations by defendant or defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to plaintiff.

8.     This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

9.     The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

10.    The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

11.    The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

4

12.    This Stipulation may be executed in two or more counterparts, each of which shall

be deemed to be an original and all of which together shall be deemed to be one and the same

agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-

executed original.

13.    Upon execution of this Stipulation by all parties hereto, this Stipulation shall be

binding upon and inure to the benefit of the parties and their respective heirs, personal

representatives, administrators, successors, and assigns.  Each signatory to this Stipulation

represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed

this Stipulation on the dates shown below.

TY ORR OWENS

Date: June 7, 2018

CAMILLA C. MCKINNEY
D.C. Bar # 448776
McKinney & Associates, PLLC

Date:   June 7, 2018

JESSIE K. LIU
D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By: /s/ Melanie D. Hendry
MELANIE D. HENDRY
Assistant United States Attorney

Date: June 7, 2018

SO ORDERED on this _____ day of _____, 2018

_____
UNITED STATES DISTRICT JUDGE

5